UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD L. STOKES,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case Number 09-12722
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, VACATING DECISION OF THE COMMISSIONER, AND REMANDING FOR FURTHER PROCEEDINGS**

The plaintiff filed the present action on July 9, 2009 seeking review of the Commissioner's decision denying the plaintiff's application for a period of disability and disability insurance benefits under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. On July 10, 2009, the case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment to affirm the decision of the Commissioner. Magistrate Judge Majzoub filed a report on July 23, 2010 recommending that the plaintiff's motion for summary judgment be granted in part, the defendant's motion for summary judgment be denied, and the case be remanded to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The defendant filed timely objections to the recommendation. The plaintiff has not filed objections, and the time for doping so has expired. This matter is now before the Court for a *de novo* review.

The Court has reviewed the file, the report and recommendation, and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. In his objections, the defendant challenges the magistrate judge's conclusion that the Administrative Law Judge (ALJ) failed to give proper reasons for discounting the opinion of one of the plaintiff's treating physician, Dr. Spencer Ballard. The defendant also argues that substantial evidence supported the ALJ's finding that there is work in the regional economy the plaintiff could perform in light of his impairments and his residual functional capacity (RFC). All of this relates to the ALJ's failure to discuss at all Dr. Ballard's opinions and consider if additional restrictions should be imposed on the plaintiff's RFC in light of that opinion. The additional restrictions, if appropriate, would have to be incorporated into the hypothetical question posed to the vocational expert.

The main point of contention in the case, which was discussed in detail by the ALJ, is whether the plaintiff's alcohol abuse contributes in any way to his disability and therefore bars him from the recovery of benefits under 42 U.S.C.A. §§ 423(d)(2)(C), 1382c(a)(3)(J) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.").

The plaintiff, who is currently forty-six years old, applied for a period of disability, disability insurance, and SSI benefits on December 16, 2004. He has ninth grade education, with some special education classes, and has previously held jobs as a janitor, laborer, prep cook, delivery driver and sales clerk. The last time the plaintiff was employed was in 2004, working as a handyman. Currently, the plaintiff stays at home, raises two of his own children and two stepchildren, and does limited work around the house and in the yard. According to the plaintiff, a combination of his impairments

– polysubstance abuse, depression, a personality disorder, bilateral shoulder pain, and a cognitive impairment – prevents him from holding any job.

The plaintiff's applications were denied initially by the state agency. He made a timely request for an administrative hearing. On January 30, 2008, the plaintiff appeared before ALJ John L. Christensen, when he was forty-three years old. ALJ Christensen filed a decision on July 22, 2008, in which he found the plaintiff was not disabled and consequently not entitled to a period of disability, disability insurance, or SSI benefits. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since April 30, 2004 (step one); the plaintiff suffers from polysubstance abuse, depression, a personality disorder, bilateral shoulder pain, and a cognitive impairment, a combination of impairments which is "severe" within the meaning of the Social Security Act (step two); and none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a janitor, laborer, prep cook, delivery driver, or sales clerk, which the ALJ determined was unskilled to semi-skilled and required medium to heavy exertion (step 4) .

In applying the fifth step, the ALJ determined that, considering the full range of the plaintiff's impairments, including the substance use disorders, no jobs exist in significant numbers in the national economy that the claimant could perform. However, the ALJ also concluded that if the plaintiff stopped the substance abuse, he could perform a limited range of sedentary work. Using the Medical-Vocational Guidelines as a framework, and based on the testimony of a vocational expert, the ALJ concluded that the plaintiff was disabled. The hypothetical question posed to the vocational expert did not include any limitations that were derived from Dr. Ballard's evidence.

Based on that finding, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on May 7, 2009.

In his motion for summary judgment, the plaintiff argued that the ALJ failed to discuss Br. Ballard's evidence and therefore failed to give any reasons for discounting his opinion. The defendant concedes that point, but he argues that Dr. Ballard's opinion is so patently defective that the failure to discuss it is harmless error. Similarly, the defendant argues, not including additional restrictions in the hypothetical question posed to the vocational expert is no cause for upsetting the Commissioner's decision.

The magistrate judge concluded that although Dr. Ballard's opinion may not be weighty, could be subject to criticism or impeachment, and could be contradicted by other medical evidence, it certainly was worthy of consideration and deserved to be reviewed. Moreover, since Dr. Ballard is a treating source, failure to give reasons for disregarding his opinions on disability is error. In his objections, the defendant maintains that the error is harmless for the same reasons stated in his motion for summary judgment.

The Court is not persuaded by the defendant's objections. The Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). There, the court stated that "pursuant to [20 C.F.R. § 404.1527(d)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and

the reasons for that weight.'" *Id.* at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). The error is not harmless when the reviewing court is hampered by the lack of explanation and the rejected evidence could very well establish disability, as here.

The defendant's efforts to distinguish *Wilson* are not well founded. As the magistrate judge ably explained, the violation of the rule requiring consideration of the opinions of a treating source and an explanation for rejecting them is not *de minimis*, particularly when the ALJ failed even to *mention* Dr. Ballard. *See* 20 C.F.R. § 404.1527(d)(2) (requiring the ALJ to give the treating source's opinion controlling weight, unless he explains his reasons for not doing so after applying several factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source). The strength of the opinion is not a principal factor is determining error, either. As the court explained:

> "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 [(D.C. Cir. 1977)]; *see also Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 102 F.3d 1385, 1390 (5th Cir. 1996). To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.

*Wilson*, 378 F.3d at 546.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. # 12] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. # 9] is **GRANTED in part** and the defendant's motion for summary judgment [dkt # 11] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **VACATED** and the case is **REMANDED** to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: October 14, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2010.

                               s/Teresa Scott-Feijoo
                               TERESA SCOTT-FEIJOO